Rogers, Judge,
concurring separately.
{¶ 36} I concur fully in the majority opinion and conclusion that Stall’s kidnapping sentence should have merged with his aggravated-robbery sentence in case 3-10-12. Additionally, I concur with the majority’s conclusion in cases 3-10-11, 3-10-12, and 3-10-13 that the offenses of felonious assault and aggravated robbery were committed separately and with a separate animus; however, I wish to elaborate on the majority’s analysis in reaching this conclusion.
{¶ 37} The majority finds that the defendants’ acts upon entering the victim’s residence of pushing her to the ground, causing her to hit her head, and punching her in the face constituted the offense of felonious assault and that the felonious assault was committed with the purpose to debilitate the victim and render her immobile. Additionally, the majority finds that the defendants’ acts after dragging the victim into her kitchen of punching her several more times while demanding to know where items were in the residence constituted the offense of aggravated robbery and that the purpose of these punches was to locate and obtain the items. I believe that an additional theory and additional case law support the finding of a separate animus for the felonious assault and aggravated robbery.
*595 {¶ 38} This court has previously found that in determining whether a separate animus exists for two offenses, a court may examine “case-specific factors such as whether the defendant at some point broke ‘a temporal continuum started by his initial act,’ [or] whether facts appear in the record that ‘distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed.’ ” State v. Roberts, 180 Ohio App.3d 666, 2009-Ohio-298, 906 N.E.2d 1177, ¶ 14, quoting State v. Williams, 8th Dist. No. 89726, 2008-Ohio-5286, 2008 WL 4531946, ¶ 37; State v. Hines, 8th Dist. No. 90125, 2008-Ohio-4236, 2008 WL 3870669, ¶48. See also State v. Cronin, 6th Dist. No. S-09-032, 2010-Ohio-4717, 2010 WL 3820598, ¶ 45; State v. Helms, 7th Dist. No. 08 MA 199, 2010-Ohio-4872, 2010 WL 3904121, ¶ 52; State v. Nuh, 10th Dist. No. 10AP-31, 2010-Ohio-4740, 2010 WL 3820583, ¶ 16; Thompkins v. Ross (S.D.Ohio 2009), 2009 WL 4842247, fn. 1.
{¶ 39} Here, I would find that the defendants’ act of dragging the victim to another area of her home constituted a break in the temporal continuum or line of distinction and that the defendants’ resumption of punching the victim following this break would constitute a separate and distinct offense. Consequently, I would find that a separate animus existed for the felonious assault and aggravated robbery on this theory as well and would affirm the defendants’ convictions for these separate offenses on that basis.