[Cite as *State v. Harris*, 2011-Ohio-4403.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 94388

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY L. HARRIS

DEFENDANT-APPELLANT

---

## JUDGMENT:
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-522676
Application for Reopening
Motion No. 443837

**RELEASE DATE:** August 31, 2011

**FOR APPELLANT**

Anthony L. Harris, pro se
Inmate No. 574-798
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036-0056

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶ 1} Anthony L. Harris has filed a timely application for reopening pursuant to App.R. 26(B). Harris is attempting to reopen the appeal, as rendered in *State v. Harris*, Cuyahoga App. No. 94388, 2011-Ohio-194, which affirmed his conviction and sentence of incarceration for two counts of rape and one count of kidnapping with a sexual motivation specification. For the following reasons, we decline to reopen Harris's original appeal.

{¶ 2} Initially, we find that Harris's application exceeds the ten-page limitation that is established by App.R. 26(B)(4). This procedural defect provides sufficient grounds for dismissing the application for reopening. *State v. Murawski*, Cuyahoga App. No. 70854, 2002-Ohio-3631; *State v. Caldwell*, Cuyahoga App. No. 44360, 2002-Ohio-2751; *State v. Graham* (June 1, 1975), Cuyahoga App. No. 33350, reopening disallowed (July 21, 1994), Motion No. 252743; *State v. Schmidt* (Dec. 5, 1991), Cuyahoga App. No. 57738, reopening disallowed (Aug. 10, 1994), Motion No. 142174; and *State v. Peeples* (Dec. 22, 1988), Cuyahoga App. No. 54708, reopening disallowed (Aug. 24, 1994), Motion No. 254080, affirmed (1994), 71 Ohio St.3d 349, 643 N.E.2d 1112.

{¶ 3} Notwithstanding the aforesaid procedural defect, a substantive review of the application for reopening fails to demonstrate that there exists a genuine issue as to whether Harris was deprived of the effective assistance of counsel on appeal as mandated by App.R. 26(B)(5). Harris must establish that

appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 4} "In *State v. Reed* [supra, at 458] we held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, at 25.

{¶ 5} It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, supra; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶ 6} In *Strickland v. Washington,* supra, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The Court further stated that it is too tempting for a defendant/appellant to second-guess his attorney after conviction and appeal and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes,* supra.

{¶ 7} In the case sub judice, Harris raises four proposed assignments of error in support of his claim of ineffective assistance of appellate counsel. Through his first, third, and fourth proposed assignments of error, Harris argues that he was improperly sentenced with regard to his convictions for two counts of rape because the rape convictions were allied offenses of similar import.

{¶ 8} Harris was indicted for one count of kidnapping (Count 1) and three counts of rape (Counts 2, 3, and 4). Following a jury trial, Harris was acquitted of one count of rape (Count

2), but convicted of one count of kidnapping (Count 1) and two counts of rape (Counts 3 and 4). At sentencing, the trial court merged the conviction for kidnapping with the two convictions for rape.

{¶ 9} Based upon our review of the record and original appeal, we find that the two offenses of rape are not allied offenses of similar import subject to merger under R.C. 2941.25. The record and appeal clearly demonstrate that the two offenses of rape constituted separate acts. The offense for rape, under Count 3, occurred on December 8, 2008:

{¶ 10} "SM awoke at around daybreak because she was 'feeling [Harris] go in [her] pants, * * * and he put his fingers in' her vagina; she pushed herself away from his touch. Harris then turned her, slapped her face, 'pin[ned her] to the bed' with his body, 'struggle[d her] pants off,' and, in spite of her efforts to resist, 'penetrated' her vagina with his penis." *State v. Harris*, supra, ¶ 9.

{¶ 11} The second offense of rape occurred on December 8, 2008:

{¶ 12} "'After [Harris] was done, [SM] jumped up and grabbed [her] pants, and was putting them on,' when Harris told her he 'want[ed] some more.' Harris pulled SM back onto the bed. When she wrestled against him, he slapped her a second time, turned her over on her stomach, and raped her again." *State v. Harris*, supra, ¶ 10.

{¶ 13} Herein, it is abundantly clear that Harris possessed a separate animus for the two offenses of rape and that he "broke a temporal continuum" started by the initial act of rape, the

victim moving away from Harris and putting her clothes back on after the initial rape, and the initiation of the second rape by Harris.

{¶ 14} "This court has previously found that in determining whether a separate animus exists for two offenses, a court may examine 'case-specific factors such as whether the defendant at some point broke "a temporal continuum started by his initial act," [or] whether facts appear in the record that "distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed."' *State v. Roberts*, 180 Ohio App.3d 666, 2009-Ohio-298, 906 N.E.2d 1177, ¶ 14, quoting *State v. Williams*, 8th Dist. No. 89726, 2008-Ohio-5286, 2008 WL 4531946, ¶ 37; *State v. Hines*, 8th Dist. No. 90125, 2008-Ohio-4236, 2008 WL 3870669, ¶ 48. See also *State v. Cronin*, 6th Dist. No. S–09–032, 2010-Ohio-4717, 2010 WL 3820598, ¶ 45; *State v. Helms*, 7th Dist. No. 08 MA 199, 2010-Ohio-4872, 2010 WL 3904121, ¶ 52; *State v. Nuh*, 10th Dist. No. 10AP–31, 2010-Ohio-4740, 2010 WL 3820583, ¶ 16; *Thompkins v. Ross* (S.D.Ohio 2009), 2009 WL 4842247, fn. 1." *State v. Lee*, 190 Ohio App.3d 581, 2010-Ohio-5672, 943 N.E.2d 602, ¶ 38. As a consequence, Harris's first, third, and fourth proposed assignments of error do not provide a basis for reopening.

{¶ 15} Harris, through his second proposed assignment of error, claims that appellate counsel was ineffective on appeal by failing to argue that trial counsel was ineffective for

failing to cross-examine the victim with regard to alleged inconsistencies between her written statement and testimony adduced during the course of trial. The decision by trial counsel, as to cross-examination of a witness and the extent of the cross-examination, falls squarely within the realm of trial strategy and tactics and will not ordinarily be disturbed on appeal. *State v. Pasqualone* (2009), 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270; *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263. In addition, Harris has failed to demonstrate the prejudice that resulted from the cross-examination of the victim or that the outcome of his appeal would have been different had the issue been raised on appeal. *State v. Spivey*, supra; *State v. Reed*, supra. Thus, we find that Harris has failed to establish that appellate counsel was ineffective on appeal through his second proposed assignment of error.

Accordingly, we deny Harris's application for reopening.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR