[Cite as *State v. Glenn*, 2012-Ohio-1530.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 94425

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEVANTE GLENN

DEFENDANT-APPELLANT

---

### JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-525626
Application for Reopening
Motion No. 448730

**RELEASE DATE:** April 2, 2012

**ATTORNEYS FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH   44113

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   Andrew J. Santoli
Matthew E. Meyer
Justice Center, 8th Fl.
1200 Ontario Street
Cleveland, OH 44113

JAMES J. SWEENEY, P.J.:

{¶1} Devante Glenn has filed a timely application for reopening pursuant to App.R. 26(B). Glenn is attempting to reopen the appellate judgment, as rendered in *State v. Glenn*, Cuyahoga App. No. 94425, 2011-Ohio-3684, which affirmed his conviction for two counts of aggravated robbery, with firearms specifications, and two counts of theft with firearm specifications. We decline to reopen Glenn's original appeal.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Glenn must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Glenn must establish that "there is a genuine issue as to whether he was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).

> In *State v. Reed* [supra, at 458] we held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal. *State v. Spivey*, 84 Ohio St.3d 24, 25,1998-Ohio-704, 701 N.E.2d 696.

{¶3} It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308 (1983). Appellate counsel cannot be considered ineffective for failing to

raise every conceivable assignment of error on appeal. *Jones v. Barnes*, supra; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶4} In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant/appellant to second-guess his attorney after conviction and appeal and that it would be all to easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*, supra.

{¶5} In the case sub judice, Glenn raises four proposed assignments of error in support of his claim of ineffective assistance of appellate counsel:

(1) "Defendant was denied due process of law when counsel failed to file a motion to suppress and the prosecutor took inconsistent positions with any oral statements of defendant.";

(2) "Defendant was denied due process of law and effective assistance of counsel when counsel failed to file a motion to suppress of the identification.";

(3) "Defendant was subjected to unconstitutional and multiple punishments when the court separately sentenced defendant for aggravated robbery and theft of the same property."; and

(4) "Defendant was denied due process of law when the court convicted defendant with firearm specifications."

{¶6} Glenn, however, has failed to demonstrate that appellate counsel's performance was deficient and that he was prejudiced by appellate counsel's claimed deficiencies.

{¶7} Through his first and second proposed assignments of error, Glenn argues that trial counsel was ineffective because he failed to file a motion to suppress based upon the issues of an oral statement as made to a police officer and a tainted photographic identification procedure. The doctrine of res judicata, however, prevents our consideration of Glenn's first and second proposed assignments of error. Res judicata involves the two related concepts of claim preclusion, also known as estoppel by judgment, and issue preclusion, also known as collateral estoppel. *O'Nesti v. DeBartolo Realty Corp., et al*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803; *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶8} The issues of Glenn's oral statement to a police officer and the photographic identification process, used to identify Glenn, were previously raised and argued on

appeal. Each issue was previously found to not form the basis of any error of law that prejudiced Glenn. Thus, the doctrine of res judicata prevents any further examine of the issues of an oral statement and photographic identification. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). *See also State v. Dehler*, 73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; *State v. Terrell*, 72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353.

{¶9} Glenn, through his third proposed assignment of error, argues that his conviction for the offenses of aggravated robbery and theft should have merged for sentencing, because the offenses are allied offenses of similar import. However, based upon our independent review of the record and the original appeal, we find that the offenses of aggravated robbery and theft are not allied offenses of similar import subject to merger under R.C. 2941.25. The record and appeal clearly demonstrate that the offenses of aggravated robbery and theft constituted separate acts. The two offenses of aggravated robbery were related to the theft of a purse, keys and a wallet, while Glenn was in the possession of a firearm. The two offenses of theft were related to the taking, without the owners' consent, of a 2009 Chevrolet Malibu and a 2003 Chevrolet Monte Carlo. Herein, it is abundantly clear that Glenn possessed a separate animus for the offenses of aggravated robbery and theft and that he "broke a temporal continuum" started by the initial act of theft and culminating in the taking of the two motor vehicles.

> This court has previously found that in determining whether a separate animus exists for two offenses, a court may examine "case-specific factors such as whether the defendant at some point broke 'a temporal continuum started by his initial act,' [or] whether facts appear in the record that

"distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed." *State v. Roberts*, 180 Ohio App.3d 666, 2009-Ohio-298, 906 N.E.2d 1177, ¶ 14, quoting *State v. Williams*, 8th Dist. No. 89726, 2008-Ohio-5286, 2008 WL 4531946, ¶ 37; *State v. Hines*, 8th Dist. No. 90125, 2008-Ohio-4236, 2008 WL 3870669, ¶ 48. See also *State v. Cronin*, 6th Dist. No. S–09–032, 2010-Ohio-4717, 2010 WL 3820598, ¶ 45; *State v. Helms*, 7th Dist. No. 08 MA 199, 2010-Ohio-4872, 2010 WL 3904121, ¶ 52; *State v. Nuh*, 10th Dist. No. 10AP–31, 2010-Ohio-4740, 2010 WL 3820583, ¶ 16; *Thompkins v. Ross* (S.D.Ohio 2009), 2009 WL 4842247, fn. 1. *State v. Lee*, 190 Ohio App.3d 581, 2010-Ohio-5672, 943 N.E.2d 602, ¶ 38.

As a consequence, Glenn's third proposed assignment of error does not provide a basis for reopening.

{¶10} Glenn, through his fourth proposed assignment of error, argues that the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that he possessed a firearm during the commission of the offenses of aggravated robbery and theft. Specifically, Glenn argues that no evidence was adduced at trial to prove that the alleged firearm was operable. The Supreme Court of Ohio, however, has firmly established that:

> In *State v. Murphy* (1990), 49 Ohio St.3d 206, 551 N.E.2d 932, we modified *State v. Gaines* (1989), 46 Ohio St.3d 65, 545 N.E.2d 678, with respect to the type of evidence required to prove a firearm specification beyond a reasonable doubt. Specifically, in *Murphy*, we held: "The state must present evidence beyond a reasonable doubt that a firearm was operable at the time of the offense before a defendant can receive an enhanced penalty pursuant to R.C. 2929.71(A). *However, such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime*. (Emphasis added.) Id. at syllabus. *State v. Thompkins*, 78 Ohio St.3d 380, 383, 1997-Ohio-52, 678 NE2d 541.

{¶11} Herein, both victims of the offenses of aggravated robbery and theft testified

to the following: (1) Glenn held a firearm in his hand during the commission of the offenses; (2) the color of the firearm; (3) the size of the firearm; and (4) Glenn threatened the victims with the firearm. Based upon all relevant facts and circumstances, we find that sufficient evidence was adduced at trial to demonstrate that Glenn possessed a firearm that was operable or capable of being made operable at the time of the offenses. *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 158, 679 N.E.2d 1131; *State v. Johnson*, 8th Dist. No. 90449, 2008-Ohio-4451. Glenn's fourth proposed assignment of error is not well taken and fails to establish ineffective assistance of appellate counsel.

{¶12} Thus, we find that Glenn has failed to establish that appellate counsel was ineffective on appeal through his four proposed assignments of error.

Accordingly, the application for reopening is denied.

JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
SEAN C. GALLAGHER, J., CONCUR