[Cite as *State v. Mays*, 2014-Ohio-814.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99150**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TRACY R. MAYS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-559249
Application for Reopening
Motion No. 470297

**RELEASE DATE:** February 28, 2014

**FOR APPELLANT**

Tracy Mays, pro se
P.O. Box 231
Centralia, Illinois 62801


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     Andrew Rogalski
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Tracy R. Mays has filed a timely application for reopening pursuant to App.R. 26(B). Mays is attempting to reopen the appellate judgment, rendered in *State v. Mays*, 8th Dist. Cuyahoga No. 99150, 2013-Ohio-4031, that affirmed his conviction for the offense of domestic violence. For the following reasons, we decline to grant the application for reopening.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Mays must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996). Specifically, Mays must establish that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶3}** In *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, the Supreme Court of Ohio held that:

> Moreover, to justify reopening his appeal, [applicant] "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 25, 701 N.E.2d 696 (1998).
>
> Strickland charges us to "appl[y] a heavy measure of deference to counsel's judgments," [*Strickland v. Washington*] 466 U.S. [668] at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id*. at 689. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render  constitutionally effective assistance. See *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *State v. Sanders*, 94 Ohio St.3d 150, 761 N.E.2d 18 (2002).

*Smith* at ¶ 7.

**{¶4}** In addition, in *State v. Spivey*, the Supreme Court of Ohio, held that:

In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v.Washington* (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed 674, is the appropriate standard to assess a defense request for reopening reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id.*

**{¶5}** It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, *supra*; *State v. Gumm*, 73 Ohio St.3d 413, 653 N.E.2d 253 (1995); *State v. Campbell*, 69 Ohio St.3d 38, 630 N.E.2d 339 (1994).

**{¶6}** In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant-appellant to second-guess his attorney after conviction and appeal and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*, *supra*.

{¶7} In the case sub judice, Mays raises three proposed assignments of error in support of his App.R. 26(B) application for reopening. Initially, we find that Mays has failed to comply with App.R. 26(B)(4) because his application for reopening exceeds the ten-page limitation. This procedural defect provides sufficient grounds for dismissing the application for reopening. *State v. Harris*, 8th Dist. Cuyahoga No. 94388, 2011-Ohio-4403, ¶ 2; *see also State v. Peeples*, 71 Ohio St.3d 349, 643 N.E.2d 1112 (1994) (affirming denial of application to reopen for reasons that included failure to comply with the ten-page limit of the rule.) Likewise, the affidavit attached to the application for reopening does not set forth the basis for his claim of ineffective assistance of appellate counsel or "the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d).

{¶8} Mays, through his initial proposed assignment of error, argues that R.C. 2919.25, which defines the offense of domestic violence, is unconstitutional because it creates a quasi-marital relationship in violation of Section 11, Article XV (the Defense of Marriage Amendment) to the Ohio Constitution. The Supreme Court of Ohio, however,

in *State v. Carswell*, 114 Ohio St.3d 210, 2007-Ohio-3723, 871 N.E.2d 547, ¶ 37, has declared that:

> We hold, therefore that the term "person living as a spouse" as defined in R.C. 2919.25 merely identifies a particular class of persons for the purpose of the domestic-violence statutes. It does not create or recognize a legal relationship that approximates the designs, qualities, or significance of marriage as prohibited by Section 11, Article XV of the Ohio Constitution. * * *. Thus, R.C. 2919.25 is not unconstitutional and does not create a quasi-marital relationship in violation of Section 11, Article XV of the Ohio constitution.

{¶9} Thus, Mays's first proposed assignment of error does not provide a basis for reopening.

{¶10} Mays recites two additional proposed assignments of error that deal with the issues of a psychiatric evaluation and suppressed evidence that would have allegedly resulted in the dismissal of the charge of domestic violence. Mays fails to demonstrate the prejudice involved with regard to the second and third proposed assignments of error and also fails to demonstrate the prejudice that occurred as a result of appellate counsel's failure to argue the proposed assignments of error on appeal. The mere recitation of a proposed assignment of error is not sufficient to meet an applicant's burden of establishing that his appellate counsel was deficient and that there existed a reasonable probability that he would have been successful if counsel had presented those claimed errors on appeal. *State v. Hawkins*, 8th Dist. Cuyahoga No. 90704, 2008-Ohio-6475, *reopening disallowed*, 2009-Ohio-2246; *State v. Harris*, 8th Dist. Cuyahoga No. 90699, 2008-Ohio-5873, *reopening disallowed*, 2009-Ohio-5962. As a consequence, Mays's second and third proposed assignments of error do not provide a basis for reopening.

{¶11} Accordingly, the application for reopening is denied.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR