[Cite as *State v. Ingram*, 2020-Ohio-4782.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO. 1-19-58

    v.

JASON S. INGRAM,                             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2019 0056

**Judgment Affirmed**

Date of Decision: October 5, 2020

APPEARANCES:

    *F. Stephen Chamberlain* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jason S. Ingram ("Ingram"), appeals the September 17, 2019 judgment entry of sentence of the Allen County Court of Common Pleas. We affirm.

{¶2} This case stems from an incident that occurred during the late nighttime hours of May 15, 2018 and into the early morning hours of May 16, 2018 at Meat City in Lima, Ohio when Ingram brandished a firearm and threatened to shoot the victim. Based on evidence obtained from law enforcement's investigation of the incident, a search warrant was obtained to search a residence located at 596 Harrison Avenue in Lima—the location at which Ingram was known to reside. Following execution of the search warrant on May 17, 2018, law enforcement discovered a firearm in the closet of a bedroom in which Ingram was observed exiting at the time law enforcement entered the residence.

{¶3} On March 14, 2019, the Allen County Grand Jury indicted Ingram on two counts of having weapons while under disability in violation of R.C. 2923.13(A)(2), (B), third-degree felonies.[1] (Doc. No. 4). Ingram entered a written plea of not guilty to the counts of the indictment on March 20, 2019. (Doc. No. 10).

---

[1] On September 12, 2019, the State filed a motion to amend the indictment to reflect that the offenses occurred "[f]rom on or about May 15, 2018, to May 17, 2018" instead of "[o]n or about May 16, 2018," which the trial court granted on September 17, 2019. (Doc. Nos. 113, 119).

{¶4} The case proceeded to a jury trial on September 16-17, 2019. (Doc. Nos. 119, 143, 144). On September 17, 2019, the jury found Ingram guilty of the counts in the indictment. (Doc. No. 119). That same day, the trial court sentenced Ingram to 36 months in prison on Count One and 30 months in prison on Count Two and ordered that Ingram serve the terms consecutively for an aggregate sentence of 66 months. (Doc. No. 120).

{¶5} On September 24, 2019, Ingram filed a notice of appeal. (Doc. No. 124). He raises one assignment of error for our review.

## Assignment of Error

**The trial court committed error prejudicial to the defendant by failing to merge the two counts of the indictment.**

{¶6} In his sole assignment of error, Ingram argues that the trial court erred by failing to merge his having-weapons-while-under-disability convictions. Specifically, Ingram contends that his having-weapons-while-under-disability convictions are allied offenses of similar import because his possession of the firearm was a continuous act from the incident at Meat City until discovery of the firearm in the bedroom closet at the time of the execution of the search warrant the following day.

### Standard of Review

{¶7} Whether offenses are allied offenses of similar import is a question of law that this court reviews de novo. *State v. Stall*, 3d Dist. Crawford No. 3-10-12,

2011-Ohio-5733, ¶ 15, citing *State v. Brown*, 3d Dist. Allen No. 1-10-31, 2011-Ohio-1461, ¶ 36.

*Analysis*

{¶8} R.C. 2941.25, Ohio's multiple-count statute, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶9} The Supreme Court of Ohio directs us to apply a three-part test to determine whether a defendant can be convicted of multiple offenses:

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 12 and *Ruff* at paragraphs one, two, and three of the syllabus.

**{¶10}** "As explained in *Ruff*, offenses are of dissimilar import 'when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'" *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 77, quoting *Ruff* at paragraph two of the syllabus. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial * * * will reveal whether the offenses have similar import." *Ruff* at ¶ 26. "[A] defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.*

**{¶11}** "The term 'animus' means '"purpose or, more properly, immediate motive."'" *State v. Ramey*, 2d Dist. Clark No. 2014-CA-127, 2015-Ohio-5389, ¶ 70, quoting *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979). "'Where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must * * * commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.'" *Id.*, quoting *Logan* at 131.

**{¶12}** "'Like all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances.'" *Id.* at ¶ 71, quoting *Logan*

at 131. "'Thus the manner in which a defendant engages in a course of conduct may indicate distinct purposes.'" *Id.*, quoting *State v. Whipple*, 1st Dist. Hamilton No. C-110184, 2012-Ohio-2938, ¶ 38. "'Courts should consider what facts appear in the record that "distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed."'" *Id.*, quoting *Whipple* at ¶ 38, quoting *State v. Glenn*, 8th Dist. Cuyahoga No. 94425, 2012-Ohio-1530, ¶ 9.

{¶13} Ingram was convicted of having weapons while under disability in violation of R.C. 2923.13(A)(2). That statute provides:

> Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
>
> * * *
>
> (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

R.C. 2323.13(A)(2).

{¶14} "A 'firearm' is defined under the code as 'any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant.'" *State v. Sanderfer*, 5th Dist. Richland No. 15CA4, 2015-Ohio-4285, ¶ 24, quoting R.C. 2923.11(B). "A person acts knowingly, regardless

-6-

of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature."  R.C. 2901.22(B).

{¶15} Based on our review of the record, the trial court did not err by failing to merge Ingram's having-weapons-while-under disability convictions.  Although the conduct underlying Ingram's convictions in this case occurred relatively close in time, the evidence in the record reflects that Ingram committed the offenses separately and with a separate animus or motivation.  *See State v. Talley*, 6th Dist. No. L-15-1187, 2016-Ohio-8010, ¶ 30 (concluding that the trial court did not err by failing to merge Talley's having-weapons-while-under-disability convictions because the offenses were committed separately and were committed with a separate animus or motivation); *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, ¶ 217.

{¶16} That is, the evidence in the record reflects that Ingram possessed a firearm when he brandished it at Meat City during the late nighttime hours of May 15, 2018 or into the early morning hours of May 16, 2018 and that Ingram possessed a firearm on the date of his arrest when the firearm was found in the bedroom closet during the execution of the search warrant at 596 Harrison.  *Compare Dean* at ¶ 216 (noting that Dean's having-weapons-while-under-disability convictions "coincided with the dates of the theft, the drive-by shootings, and the murder," that "[t]he evidence showed that Dean possessed a gun on these occasions," and that "[t]he date of the fourth offense * * * occurred on the date of Dean's arrest when the .40-

caliber handgun was found in his home"); *State v. Miller*, 11th Dist. Portage No. 2019-P-0030, 2020-Ohio-3854, ¶ 59 (noting that "[t]he gun was in Miller's possession at different times, once being used in a crime and another time being present at his home over a week later"). In other words, the evidence reflects that Ingram possessed a firearm on two separate occasions at different locations, dates, and times. *See Dean* at ¶ 217 ("Dean possessed a handgun on four separate occasions at different times and locations."). Thus, the evidence reflects that Ingram committed the offenses separately.

{¶17} Furthermore, that evidence reflects that the offenses were committed with a separate animus or motivation. *See Talley* at ¶ 30 (concluding that Talley committed the having-weapons-while-under-disability offenses with a separate animus or motivation because" the first offense was motivated by [his] desire to rob the Valero store and the second offense was motivated by [his] desire to rob the BP Stop & Shop store"). *See also Dean* at ¶ 217 (concluding that "[e]ach offense occurred with a separate animus, meaning a separate purpose or intent"). Indeed, the evidence reflects that the first offense was motivated by Ingram's desire to threaten the victim with the firearm, while the second offense was motivated by Ingram's desire to exercise dominion and control over the firearm in the bedroom closet.

{¶18} For these reasons, we conclude that the trial court did not err by failing to merge Ingram's having-weapons-while-under-disability convictions

{¶19} Ingram's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**