**STATE, Plaintiff-Appellee, v. HARRIS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3542. Decided March 25, 1943.

Howard H. Gillard, Columbus, for defendant-appellant.

Ralph Bartlett, Prosecuting Attorney, Forrest F. Smith, Asst. Pros. Atty., Vincent T. Martin, Asst. Pros. Atty., Columbus, for plaintiff-appellee.

**OPINION**

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court entered upon the verdict of a jury finding the defendant guilty of burglary. The errors are assigned under six numbered headings which may be generally discussed under three assignments,

1. Error in refusal of the trial judge to sustain motion of the defendant for a directed verdict.

2. Error in the charge.

3. Judgment is contrary to and manifestly against the weight of the evidence.

Upon the first error assigned counsel for appellant argues at length and ably that the state fails in its proof in two particulars,

1. No sufficient identification of the defendant as being a participant in the crime alleged.

2. That an element of the offense of burglary is not proven against the defendant, namely, an unlawful entering of the premises burglarized.

We have read the record in this case carefully with special reference to the error which we now discuss.

The defendant did not take the stand. Therefore, any fact testified to by witnesses on behalf of the State could properly have been accepted by the jury as true.

Material elements of burglary are the breaking and the entering. Both are definitely established in this case.

Officer Cecil W. Stevenson testified that about 11:50 P. M. November 26, 1941, as he passed Mound and High Streets in Columbus his attention was directed to the noise of falling glass from the window of a State Liquor Store. That he saw two men breaking in or that they had already broken the window and were taking whisky out of the store. Page 11 of the record. That after hearing the noise of the falling glass, he went around and tried to get both of them and that he got one and one got away. That the one who got away

was running and had a case of liquor with him. When commanded to halt, he threw the liquor away and kept on going. That he apprehended and held the other man, who it developed, was one Gabbard who afterwards plead guilty to the burglary. The officer said that he could not positively identify the man he saw running with the case of liquor and who got away. Pages 11 and 12 of the record. At pages 14 and 15 of the record, on cross examination, the officer testified that,

"One man reached in and picked out a case of whiskey, had it in his arms and stepped back, there is a doorway that leads upstairs, he stepped beyond the doorway, and the other man, which was Gabbard, reached in and got himself a case of whiskey; when I rounded the corner this one man was out in the clear where he could run, Gabbard was cornered up, I had him cornered, he couldn't run; the one man got away.

"They were standing on the outside and reached through the hole in the glass and picked the whiskey up.

"They reached through from the outside."

It further developed that, succeeding the arrest of Gabbard and while the officer had him in custody, defendant, Harris, came up to a case of whiskey which had been taken from the liquor store, and was then on the sidewalk and removed one or two bottles therefrom. Harris was detected in the act, placed under arrest, charged with the offense of petty larceny, convicted and sentenced.

Thus it appears that there was a breaking of the glass in the liquor store during the night season and each of the two men who were at the scene of the crime reached from the outside into the building and took bottles of whiskey therefrom. The insertion of any part of the body is sufficient to constitute an entrance, as the court properly charged the jury. 12 C. J. S., 673. Not only did the officer see Gabbard reach in and get himself a case of whiskey but the other man who ran away also was seen to reach in and take out a case of whiskey.

This, then, clearly establishes the fact that a burglary was committed by two men, one of whom was definitely identified as Gabbard and apprehended; the other, whoever he was, was clearly proven to have entered the building, to have removed the whiskey and to have appropriated it to his own use. As to

him at this juncture there were two facts not proven. First, his identity and, second, that he broke or had anything to do with the breaking of the window through which the entrance to the building was effected.

Officer Harry Hunter and Officer W. H. Bloomfield both testified that on the 22nd day of July, 1942, some eight months after the burglary alleged, they picked up defendant, Herbert Harris, at about 12:40 at night for recklessly driving an automobile. That while on the way to the police station in a police cruiser, Harris made the remark to Hunter that,

"his conscience was hurting him and he wanted to make a confession, he said on the burglary of the liquor store at Spring (?) and High, that the wrong party was serving time, that he should be in the Ohio Penitentiary in the place of his partner."

Officer Bloomfield in testifying as to what Harris had said on the aforesaid occasion stated,

"* * * in our talk on the way in he said he had for a long time had something on his mind that had been bothering him very much, and he wanted to make a confession, and started to talk to us, and said some man was doing time for something he should be doing time for.

"That the crime for which the other man was doing time was the burglary of the liquor store at Mound and High."

This testimony then clearly identifies Harris, by his own confession, as the second man involved in the burglary of which Gabbard was convicted. Harris himself characterizes the offense as burglary which expression implies that all the elements of burglary were present in the act to which he referred.

Although the defendant could not be heard to say that, having confessed to the burglary, some one of the requisite elements thereof was missing, there was up to this juncture in the trial no special proof that Harris had anything to do with the breaking of the window. This specific proof was forth-coming from Edwin H. Hinkley, Assistant Chief of Detectives, who testified that in the office of the Detective Bureau at

Police Hearquarters, in the presence of Chief Leo Phillips, the witness and a police stenographer, on or about July 23, 1941,

"Mr. Harris told us that he was the party who had broken the window of this liquor store on that date. That a fellow by the name of Gabbard was with him but did not break the window."

The witness further testified that Harris said that he was surprised in the act of taking liquor from the window of the liquor store by an officer; that he ran and escaped, and that Harris was advised of his rights at the time he made the confession.

It is evident to a point of demonstration that the record in this case supports the verdict and judgment as to each and all constituent elements of the offense of burglary.

The second error assigned is that the trial judge erred in the general charge in that he did not instruct on the subject of an accomplice or aider and abettor.

There are two reasons why this assignment is not well made; the first, counsel for defendant interposed a general exception only to the charge and, if the failure to charge in the particulars questioned was erroneous, it was an error of omission and not of commission and would not be reached by general exception. The second, upon the undisputed proof the facts would not require a charge of an accomplice or aider or abettor. Harris upon the testimony or the record was the principal and not an aider and abettor. He was not an assistant or an aider in the commission of an offense. He as principal was chargeable with every element of the offense if the officers are to be believed. He broke the glass in the window, he reached in and removed the liquor in the night season and made away with it.

The principles of law urged by counsel for the defendant are well briefed but the factual situation will not permit of their application in behalf of the defendant here.

The third error assigned is that the judgment is manifestly against the weight of the evidence. Inasmuch as the testimony of the State's witnesses was uncontradicted, its weight was for the jury.

The judgment will be affirmed.

BARNES, P. J., and GEIGER, J., concur.