[Cite as *State v. Artis*, 2013-Ohio-3198.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 8-13-01

    v.

TYRELL E. ARTIS,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. 12-07-0167

**Judgment Affirmed**

Date of Decision:   July 22, 2013

APPEARANCES:

    *Darrell L. Heckman* for Appellant

    *William T. Goslee* for Appellee

Case No. 8-13-01

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Tyrell E. Artis ("Artis") brings this appeal from the judgment of the Court of Common Pleas of Logan County finding him guilty of burglary. For the reasons set forth below, the judgment is affirmed.

{¶2} On July 5, 2012, Steffan Whetsel ("Whetsel") went to an apartment complex in Bellefontaine to sell an ounce of marijuana for $110.00. When he arrived at the apartment complex, Zach Coleman who was called "Crazy" ("Crazy") and a second man known only as "Tito" awaited Whetsel. Crazy snatched the marijuana from Whetsel, threw it to Tito, and flashed a gun at Whetsel. The two men then left with the marijuana without paying for it. Since the item stolen was illegal, Whetsel decided against calling the police, and instead called his friend Justin Rogan ("Rogan"). Rogan was at a nearby party with Artis, who is Whetsel's cousin. Rogan told Artis about the robbery and they went to help Whetsel recover the stolen marijuana.

{¶3} When Artis arrived at the complex, Whetsel told Artis which apartment "the dude with the weed" entered. Tr. 147. The apartment belonged to Shelly Neeld ("Neeld"), who was living there with her husband, her daughter, Katrina, and her grandchildren. Katrina has a child with Dustin Lattimer ("Lattimer") who is friends with Tito and Crazy. Lattimer knew that Crazy and Tito were planning on stealing the marijuana from Whetsel. Tito and Crazy ran

-2-

into Neeld's apartment after the robbery. Whetsel knew which apartment they entered and gave that information to Artis. Whetsel was armed with a baseball bat and Artis was armed with a taser when they approached the apartment with the intent to retrieve the stolen marijuana. Whetsel then broke down the door to the apartment and he and Artis entered. There was a fight among Tito, Whetsel, Artis, and Lattimer. No one suffered serious injuries, but Whetsel and Artis left without retrieving the lost marijuana.

{¶4} On July 15, 2012, the Logan County Grand Jury indicted Artis on one count of Aggravated Burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of Assault in violation of R.C. 2903.13(A), a misdemeanor. Artis entered pleas of not guilty to both counts. A jury trial was held on November 15-16, 2012. At the conclusion of the trial, the jury found Artis not guilty of the Aggravated Burglary and Assault, but found Artis guilty of the lesser included offense of Burglary, a felony of the second degree. On December 17, 2012, the trial court held a sentencing hearing. Artis was sentenced to serve four years in prison. Artis appeals from this judgment and raises the following assignments of error.

## First Assignment of Error

**The trial court erred in failing to instruct the jury on the lesser included offense of burglary as a fourth degree felony.**

**Second Assignment of Error**

**The trial court erred in permitting prejudicial evidence of prior bad acts of [Artis].**

{¶5} In the first assignment of error, Artis claims that the trial court erred by not instructing the jury on the lesser included offense of burglary as a fourth degree felony.

> **The question of whether a particular offense should be submitted to the finder of fact as a lesser included offense involves a two-tiered analysis. *State v. Evans,* 122 Ohio St.3d 381, 2009-Ohio-2974, ¶13. The first tier, also called the "statutory-elements step," is a purely legal question, wherein we determine whether one offense is generally a lesser included offense of the charged offense. *State v. Kidder*, 32 Ohio St.3d 279, 281 (1987). The second tier looks to the evidence in a particular case and determines whether "a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense." *Evans* at ¶13, quoting *Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, ¶11. Only in the second tier of the analysis do the facts of a particular case become relevant.**

*State v. Deanda*, ___ Ohio St.3d ___, 2013-Ohio-1722, ¶6. Thus, the first step is to determine whether the fourth degree burglary is a lesser included offense of aggravated burglary. The Supreme Court has set forth a three part subset of the statutory-elements step.

> **An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the greater offense cannot, as statutorily defined, ever be committed without the offense of the lesser degree also being committed and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.**

*Id*. at ¶10 (quoting *State v. Deem*, 40 Ohio St.3d 205 (1988)). However, the Supreme Court has modified the test set forth in *Deem* by removing the word "ever" from the test. *Id*. at ¶13 (citing *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974). "While the [statutory-elements test] may produce severe results in some cases, we have learned * * * that it is essential to divorce the facts of a particular case from the statutory-elements analysis in order to preserve the defendant's right to notice of the charges against him." *Id*. at ¶15.

{¶6} Here, Artis was charged with aggravated burglary in violation of R.C. 2911.11(A)(1).

> **(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply:**
>
> **(1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]**

R.C. 2911.11. Artis requested an instruction on burglary in violation of R.C. 2911.12(B).

> **(B) No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.**

R.C. 2911.12(B). The commission of aggravated burglary in violation of R.C.2911.11(A)(1) is a felony of the first degree, while the commission of

burglary in violation of R.C. 2911.12(B) is a felony of the fourth degree. Thus the first element of the statutory-elements test is met. The third element of the statutory elements test is also met because one need not prove that the offender intended to commit a criminal offense or inflicted, attempted, or threatened physical harm, which are necessary to prove an aggravated burglary are not necessary to prove burglary. This leaves the second element which requires that one cannot complete the greater offense without having completed the lesser included offense. A review of the statutory factors without regard to the facts of the case, as required by the Ohio Supreme Court, would indicate that one can complete an aggravated burglary in violation of R.C. 2911.11(A)(1) without completion of a burglary in violation of R.C. 2911.12(B). R.C. 2911.11(A)(1) requires that the defendant trespass in an occupied structure, which is statutorily defined as follows.

> **"Occupied Structure" means any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:**
>
> **(1)  It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.**
>
> **(2)  At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.**

**(3)  At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.**

**(4)   At the time, any person is present or likely to be present in it.**

R.C. 2909.01(C).   Thus, pursuant to the statutory definition, an aggravated burglary can occur in any structure in which a person is present or likely to be present.  It is not restricted to a home.  In contrast, R.C. 2911.12(B) requires that the offender trespass into a habitation, either temporary or permanent.  Since the Supreme Court is still stating that the facts cannot be considered when reviewing the statutory elements test, a violation of R.C. 2911.12(B) is not a lesser included offense of R.C. 2911.11(A)(1), but is rather an offense of a lesser degree based upon different facts.[1]   Therefore, the trial court did not err in denying Artis' motion for an instruction on a violation of R.C. 2911.12(B).

{¶7} Even if we consider the facts and determine that R.C. 2911.12(B) is a lesser included offense in this case because the trespass was of an inhabited apartment, and determine that Artis would have notice of this possibility[2], Artis would not automatically be entitled to a jury instruction.  An instruction on a lesser included offense is only warranted if the evidence at the trial would support it.  *State v. Thomas*, 40 Ohio St.3d 213 (1988).

---

[1]  We recognize that under the facts of this case, the occupied structure in question was a home.  However, the statutory factors are different and we are required to review the factors objectively.

[2] Artis would definitely have notice of this offense as he is the one who requested the instruction.

> **As to this consideration, we stated in [*State v. Kidder*, 32 Ohio St.3d 279 (1987)], that: "Even though so defined, a charge on the lesser included offense is not required, unless the trier of fact could reasonably reject an affirmative defense and could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense."** *Id*. **at 282-283.**

> **The meaning of this language is that even though an offense may be statutorily defined as a lesser included offense of another, a charge on the lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.**

*State v. Thomas*, 40 Ohio St.3d 213, 216 (1988). To find that this instruction was warranted, this court would need to find that the jury could reasonably find that (1) Artis did not use, threaten, or attempt to cause physical harm and (2) that Artis did not intend to commit a criminal act when he entered the premises. However, all of the evidence was that Artis and Whetsel forced their way into the apartment by kicking down the door. At that time, Whetsel was holding a baseball bat and Artis had a taser gun. Artis himself testified that the purpose for entering the apartment was to retrieve the marijuana. Whetsel admitted that they had no intention of politely asking Tito for the marijuana, but instead intended to take it by force. No reasonable jury could find that Artis merely trespassed into an apartment without the intent to commit a criminal act when Artis and Whetsel broke down a door to a stranger's residence while carrying weapons. Thus, the trial court did not abuse its

discretion in denying Artis's requested jury instruction. The first assignment of error is overruled.

{¶8} In the second assignment of error, Artis claims that the trial court erred by allowing evidence of his prior bad acts to be used in violation of Evid.R. 404(B).

> **Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. \* \* \***

Evid.R. 404(B). Artis argues that there were three instances when prior bad acts were used by the State. The first is when Lattimer testified that Crazy had texted him that the people who had "jumped" him a few weeks earlier were in the parking lot. Tr. 87. Artis' counsel objected to the statement and the objection was sustained. Tr. 88. The jury was instructed to disregard the answer. Tr. 88. The jury is presumed to follow the trial court's instructions, including curative instructions. *State v. Fears*, 86 Ohio St.3d 329, 1999-Ohio-111. Without a showing to the contrary, we must presume the jury did not consider the statement made by Lattimer.

{¶9} Next, Artis claims the State used prior bad acts when Officer Doug Walters ("Walters") testified that Artis and Whetsel were suspects in the aggravated burglary so he began to "check areas where they might be or known to

be or we've dealt with them before." Tr. 98. Counsel for Artis objected to this statement, but it was overruled. In addition, Walters testified that he had previously spoken with Artis during a traffic stop. Tr. 99. During that stop, he found a taser on Artis, which was identical to the one used in this case. Tr. 99. No objection was made to these statements.

> **Simply because the deputy stated during trial that he had prior contact with the defendant in an official capacity does not indicate that the defendant had a prior record or had committed prior similar acts. At trial, the deputy merely testified that, based on his prior acquaintance with the defendant, the defendant was now more calm and more cooperative with authorities than he had been previously. There is no indication of prejudice resulting from this testimony. * * ***

*State v. Cooper*, 52 Ohio St.2d 163, 170 (1977) (reversed on other grounds). Testimony regarding mere prior contact does not in and of itself violate Evid.R. 404(B). *State v. Harris*, 10th Dist. No. 04AP612, 2005-Ohio4676, ¶25.

{¶10} Finally, Artis claims that Officer Jason Boy ("Boy") brought up prior bad acts of Artis when he testified that based upon the description of the victim, he thought the offenders could be Artis and Whetsel. Tr. 103. His opinion was based upon prior contact with them. Tr. 103. Artis' counsel objected to these statements, but it was overruled. As discussed above, the mere statement that there was prior contact does not violate Evid.R. 404(B). There was no testimony that Artis had ever committed a similar crime or even had a criminal record. The testimony was used to explain how the officers progressed with their investigation

and why they investigated Artis. The State did not offer the statements to show that Artis has bad character and acted in conformity with that character. Thus, there was no violation of Evid.R. 404(B). The second assignment of error is overruled.

{¶11} The judgment of the Court of Common Pleas of Logan County is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., concurs.**

**SHAW, J., concurs in Judgment Only.**

**/jlr**