[Cite as *State v. Woods*, 2014-Ohio-3960.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-13-1181

        Appellee                                        Trial Court No. CR0201301681

v.

Anthony D. Woods                                        **DECISION AND JUDGMENT**

        Appellant                                        Decided:  September 12, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Anthony D. Woods appeals an August 9, 2013 judgment of conviction and

sentence in the Lucas County Court of Common Pleas on two counts of trespass in a

habitation, violations of R.C. 2911.12(B) and (E) and fourth degree felonies.  The

convictions are based upon *Alford* pleas, pursuant to *North Carolina v. Alford*, 400 U.S.

25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).  There is no "express admission of guilt" in an

*Alford* plea. *Alford* at 37. When making an *Alford* plea, a defendant "effectively enters a plea of guilty while still maintaining that he is innocent." *State v. Henry*, 6th Dist. Wood No. WD-08-057, 2009-Ohio-5729, ¶ 37.

## Case History

{¶ 2} On May 2, 2013, the Lucas County Grand Jury indicted appellant on two counts of burglary, violations of R.C. 2911.12(A)(2) and (D), second degree felonies. The stated offense date in both counts was April 24, 2013. Under a plea agreement, the charges were reduced to two counts of trespass in a habitation, violations of R.C. 2911.12(B) and (E), fourth degree felonies. Appellant entered *Alford* guilty pleas to the reduced charges on July 23, 2013.

{¶ 3} Sentencing proceeded on August 8, 2013. The trial court sentenced appellant to serve 17 month terms of imprisonment on both counts and ordered that the terms be served consecutively, for a total period of incarceration of 34 months. The trial court judgment was journalized on August 9, 2013. Appellant filed a timely notice of appeal of the judgment to this court.

## Assignments of Error

{¶ 4} Appellant asserts two assignments of error on appeal:

1. The trial court erred in convicting defendant of two felonies.

2. The court erred in consecutive sentences because the two counts in the indictment were allied offenses of similar import.

2.

**{¶ 5}** Under assignment of error No. 1, appellant argues that there is insufficient evidence in the record to support convictions on two counts of trespass in a habitation. Appellant contends that the record demonstrates that there was only one entry into the premises and, therefore, only one trespass offense occurred. The state argues that appellant, by his guilty plea, waived all appealable errors except errors that affect the validity of his plea. The state also argues that the record demonstrates that there was adequate factual support for the *Alford* plea.

**{¶ 6}** We have recognized that an *Alford* plea "is procedurally indistinguishable from a guilty plea and waives all alleged errors * * * committed at trial except those errors that may have affected the entry of a defendant's plea pursuant to Crim R. 11." *State v. Nguyen*, 6th Dist. Lucas No. L-05-1369, 2007-Ohio-2034, ¶ 18. "[T]he standard for determining the plea's validity is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant.'" *State v. Lacumsky*, 6th Dist. Ottawa No. OT-08-060, 2009-Ohio-3214, ¶ 7, quoting *Alford*, 400 U.S. at 31, 91 S.Ct. 160, 27 L.Ed.2d 162. "Before accepting an *Alford* plea, the trial court must * * * require the state to show a basic factual framework for the charge and plea." *State v. Kafai*, 6th Dist. Williams No. WM-99-001, 1999 WL 1262091, *4 (Dec. 30, 1999).

**{¶ 7}** The Ohio Supreme Court has outlined the analysis required to determine whether an *Alford* plea has been voluntarily and intelligently made:

3.

[W]here the record affirmatively discloses that: (1) a guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) his advice was competent in light of the circumstances surrounding the plea; (4) the plea was made with the understanding of the nature of the charges; and, (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made. *State v. Piacella*, 27 Ohio St.2d 92, 96, 271 N.E.2d 852 (1971).

{¶ 8} The trial court conducted a Crim.R. 11 colloquy before accepting the *Alford* plea. Appellant stated that there were no promises other than the reduction of the charges under the plea bargain made to secure his agreement to change his plea and that he had not been threatened.

{¶ 9} Counsel was present at the time of the plea and discussed in open court the reasons appellant decided to change his plea, despite maintaining his innocence on the charges. Counsel explained that decision was motivated by a desire to avoid convictions for higher offenses and longer jail or prison terms should appellant be convicted at trial.

Appellant does not claim ineffective assistance of counsel in this appeal. Appellant stated at the plea hearing that he was satisfied with his attorney's advice and believed the change of pleas was in his best interest.

{¶ 10} During the plea colloquy, the trial court directly addressed the motivation behind the *Alford* pleas with the appellant. Appellant acknowledged that the *Alford* pleas

4.

were made to avoid conviction on higher offenses and incarceration for a greater period of time. Earlier the court compared maximum and minimum sentences under the original fourth degree felony charges to those under the second degree felony charges under the plea agreement. The court explained that the second degree felonies both carried minimum sentences of two years and maximum sentences of eight years. R.C. 2929.14(A)(2). The court also discussed with appellant the fact that the reduced felony four charges under the plea agreement both carried minimum sentences of six months and maximum sentences of 18 months. R.C. 2929.14(A)(4). The court explained that upon conviction appellant would also face a risk that the court might order the sentences on the two counts to be served consecutively.

{¶ 11} At the plea hearing the trial court requested the state to identify what its evidence would have been at trial on the two original charges. The prosecutor stated that Shayla Lacy, the victim, resides on West Woodruff in Toledo and that she and appellant had dated in the past. They had a bad break-up in December 2012.

{¶ 12} The prosecutor stated further that appellant never had a key to Ms. Lacy's residence, never lived with her, and that on April 24, 2012, appellant did not have permission to enter her home. The prosecutor stated that the evidence at trial would demonstrate that Ms. Lacy saw appellant drive up into her driveway in his truck and that appellant wanted to talk to her. She did not want to talk with him and told him to go away. Appellant insisted on speaking with her. Ms. Lacy told appellant that if he did not leave she would call police.

5.

{¶ 13} According to the prosecutor the evidence was that appellant then became angry and threatened Ms. Lacy, stating, "Let me get to you first and I'll give you a reason to call the police." Appellant kicked at the door to the residence and demanded entry. The prosecutor stated that the evidence would demonstrate that Ms. Lacy saw appellant approach a window to the residence after he could not gain entry at the door. She feared that he would come in through the window and, therefore, ran out the back of the house. As she ran, Ms. Lacy saw appellant step his feet through her front window into the residence.

{¶ 14} Ms. Lacy called police from a neighbor's house. According to the prosecution, the evidence would demonstrate that at some point Ms. Lacy saw appellant drive his truck out of her driveway. Afterwards she returned to her house and met police at her residence. While not finding appellant, police found that the front window screen was broken out and was on the front porch. On the inside of the residence, the window curtain and curtain rod were found on the floor.

{¶ 15} The prosecutor stated that after the police left, appellant began to tend to the window screen. Ms. Lacy heard a noise from inside the house. Her children were at school. No one else was to be in the residence. She became nervous and left, around noon. This was one hour and 20 minutes after the first incident.

{¶ 16} According to the prosecutor, the evidence would show that after Ms. Lacy left the house she saw appellant's truck parked three streets away. Appellant was not in

6.

the truck. Concerned appellant was in the house, Ms. Lacy called the police again. They responded and found appellant hiding in the basement of the house.

{¶ 17} Upon questioning by the court, the prosecutor explained that there were two incidents of unlawful entry into the residence by appellant. The first incident ended when appellant drove away in his truck. The second occurred when appellant re-entered the residence and remained until he was subsequently found by police in the basement.

{¶ 18} On appeal, appellant challenges the accuracy of the state's summary of facts that was provided at the plea hearing. Appellant claims that only one trespass occurred, contending that he entered the Lacy home, hid in the basement, and remained there until police returned and found him. Appellant claims that there is no factual basis to support convictions on two counts of trespass in habitation arising from events at the Lacy residence on April 24, 2013. The state responds that if appellant believed the state's evidence was insufficient to secure a conviction on the charges in the indictment that he should have refused the plea offer and proceeded to trial.

{¶ 19} The state argues further that appellant's own statement at the sentencing hearing demonstrates that there were two incidents of unlawful entry into Ms. Lacy's residence on April 24, 2013. The state argues that appellant admitted at sentencing that he entered the residence, left, and then re-entered before police arrived.

{¶ 20} We have reviewed the record, including transcripts of the change of plea and sentencing hearings. The record discloses that appellant admitted at the sentencing hearing that he was "in the window" when he saw Ms. Lacy fleeing out the back door.

7.

The court questioned appellant as to why he moved his truck. Appellant responded that he went to the truck to "go around the block to look for her." Appellant also admitted that when he was unsuccessful in finding Ms. Lacy, he parked the truck, returned to the residence, and entered through the back door. He hid in the basement when he saw police arrive.

{¶ 21} Further the record demonstrates that the victim was unequivocal stating that two unlawful entries occurred—the first when appellant stepped through the front window and, the second, after appellant moved his truck, returned, and was subsequently found by police hiding in the basement.

{¶ 22} In our view appellant was facing strong evidence supporting two convictions for burglary when he chose to enter the two *Alford* pleas. The indictment charged appellant with two counts of burglary, violations of R.C. 2911.12(A)(2) and (D). The statute provides:

> (A) No person, by force, stealth, or deception, shall do any of the following:
>
> * * *
>
> (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;

8.

* * *

(D) Whoever violates division (A) of this section is guilty of burglary.  A violation of division (A)(1) or (2) of this section is a felony of the second degree.  A violation of division (A)(3) of this section is a felony of the third degree.

{¶ 23} The fact that appellant stepped through the window alone in the first incident is sufficient to meet the trespass element for a burglary conviction:

The trespass element of Ohio's burglary statute does not require that the defendant's body completely enter the victim's home.  "'In proving the element of unlawful entry in the criminal prosecution of defendant upon a charge of burglary, proof of the insertion of any part of defendant's body is sufficient to constitute an entrance.'"  *State v. Cuthbertson* (June 1, 1976), Hamilton App. No. No. C-75362, at *2, quoting *State v. Harris* (1943), 68 N.E.2d 403, 45 O.L.A. 598.  Further, "'[i]t is not necessary that the party shall get his whole body into the house, and the least entry of any part of the body is sufficient.'" Id., quoting 12 C.J.S. 673, Burglary Sec. 10.  *State v. Rudolph*, 8th Dist. Cuyahoga No. 92085, 2009-Ohio-5818, ¶ 18.

{¶ 24} The Second District Court of Appeals ruled in *State v. Kelley*, 2d Dist. Clark No. 2011 CA 37, 2012-Ohio-1095, ¶ 46-47, that sticking one's body in a window broke the plane of the structure and established the trespass element of burglary.  In *State v. Gonzales*, 6th Dist. Wood No. WD-12-037, 2014-Ohio-545, we cited the decisions in

9.

*Rudolph* and *Kelley* with approval in concluding that a trespass occurred by the defendant's breaking the plane of a doorway by 6-12 inches. *Id.* at ¶ 28-33.

{¶ 25} We conclude that the *Alford* pleas were not the result of coercion, deception, or intimidation. Counsel was present at the time of the plea. We also conclude that counsel's advice to enter the *Alford* pleas was competent in light of the circumstances surrounding the plea. The plea hearing colloquy demonstrates that the appellant made the change of plea while understanding the nature of the charges. Finally, the record demonstrates that the *Alford* pleas were motivated by a desire to avoid convictions on second degree felony burglary charges and to seek lesser sentences under the reduced fourth degree felony charges under the plea agreement. Accordingly, we conclude that appellant's *Alford* pleas were voluntarily and intelligently made.

{¶ 26} We find assignment of error No. 1 not well-taken.

{¶ 27} Under assignment of error No. 2, appellant contends that the convictions for trespass in habitation charges were for allied offenses of similar import and that the trial court erred in failing to merge the convictions for purposes of sentencing and imposing a single sentence. The argument is based protections afforded under the double jeopardy clauses of the constitutions of the United States, the state of Ohio, and R.C. 2941.25.

{¶ 28} Appellant argues that a single incident and only one entry into the premises occurred. He contends that the convictions are not only allied offenses under R.C.

10.

2941.25, but a single incident. The state argues that there were two separate, complete, and unlawful entries into the Lacy residence, separated by a period of time.

{¶ 29} R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind *committed separately* or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them. (Emphasis added.)

{¶ 30} The Ohio Supreme Court outlined the required analysis under R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. We recently summarized the analysis in *State v. McCormick*, 6th Dist. Lucas Nos. L-13-1147 and L-13-1148, 2014-Ohio-2433, ¶ 13:

The test to determine if multiple charges should be classified as allied offenses is two-pronged: (1) "whether it is possible to commit one offense and commit the other with the same conduct" and (2) "whether the offenses were committed by the same conduct, i.e., 'a single act, committed

with a single state of mind.'" *Id.* at ¶ 48-49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50. "[I]f the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson* at ¶ 51. When counts merge, the trial court must sentence on only one of the offenses. *State v. Alcala*, 6th Dist. Sandusky No. S-11-026, 2012-Ohio-4318, 2012 WL 4328918, ¶ 40.

{¶ 31} R.C. 2911.12(B) sets forth the offense of trespass in habitation. It provides: "No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." While trespass in habitation and burglary both require trespass, the trespass in habitation offense does not require proof that the unlawful entry was with purpose to commit a criminal offense. R.C. 2911.12(A); 2911.12(B).

{¶ 32} The first offense of trespass in habitation occurred when appellant, having been unable to force his way through the front door, unlawfully entered the Lacy residence by removing the screen and stepping through the window. The offense was complete upon making the unlawful entry into the residence, just as we have recognized that a burglary offense is completed "once the perpetrator enters the occupied residence

with the intent to commit a crime." *See State v. Knight*, 6th Dist. Lucas No. L-13-1066, 2014-Ohio-2222, ¶ 12; *State v. Overton*, 6th Dist. Lucas Nos. L-12-1137 and L-12-1138, 2013-Ohio-3291, ¶ 12.

{¶ 33} The second offense occurred later, after Ms. Lacy fled the residence. Appellant unsuccessfully pursued her in his truck, parked three blocks away, and returned to the residence on foot. Appellant then entered the residence through the back door and was later apprehended by police in the basement. The record does not establish the time of when appellant returned to the house. It likely occurred between 10:40 a.m. (time of the first incident) and 12:00 noon (when Ms. Lacy heard a noise from inside the house, left the residence, and later called police for the second time).

{¶ 34} These two offenses were not committed by the same conduct.

{¶ 35} The Tenth District Court of Appeals has identified factors to consider in determining whether two crimes were separately committed or with separate animus under R.C. 2941.25 analysis:

> Separate conduct or separate animus may occur when a court
> determines the "defendant at some point broke 'a temporal continuum
> started by his initial act.'" *State v. Roberts*, 180 Ohio App.3d 666, 906
> N.E.2d 1177, 2009-Ohio-298, ¶ 14, quoting *State v. Williams*, 8th Dist. No.
> 89726, 2008-Ohio-5286, ¶ 37; *State v. Hines*, 8th Dist. No. 90125, 2008-
> Ohio-4236, ¶ 48. Alternatively, a separate conduct or animus may exist
> when "facts appear in the record that 'distinguish the circumstances or draw

13.

a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed.'" *Id*. (noting facts also may support a separate animus where the defendant's conduct "created a 'substantial independent risk of harm'"). *State v. Nuh*, 10th Dist. Franklin No. 10AP-31, 2010-Ohio-4740, ¶ 16.

{¶ 36} We conclude that separate and distinct crimes were committed and the offenses are not allied offenses of similar import under R.C. 2941.25. The circumstances demonstrate that the first trespass into the residence occurred as appellant stepped through the window of the house as the victim fled. The second occurred after appellant unsuccessfully pursued the victim through the neighborhood and re-entered the house through the back door. The first offense was completed before the second offense began.

{¶ 37} We find assignment of error No. 2 not well-taken.

{¶ 38} Justice having been afforded the party complaining, we affirm the judgment of the Lucas County Court of Common Pleas. We order appellant to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

14.

Mark L. Pietrykowski, J.      _____
               JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.     _____
CONCUR.           JUDGE

            _____
               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.