[Cite as *State v. Hill*, 2017-Ohio-4434.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104463**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOE L. HILL, III

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594814-A

**BEFORE:** Celebrezze, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 22, 2017

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Daniel A. Cleary
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Joe L. Hill, III, appeals his burglary conviction, claiming the verdict is against the manifest weight of the evidence and unsupported by sufficient evidence. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** On April 6, 2015, Cleveland police officers arrived at an apartment complex on Prospect Avenue responding to a 911 call reporting that a person was raped. Officers went to an apartment on the eighth floor and interviewed two women, one visibly upset. O.R., through sobs, told officers that she had been raped and that her attacker may still be in her apartment on the sixth floor. Officers responded to that apartment and found appellant naked, asleep on the couch. Appellant was arrested and charged with two counts of rape, one count of kidnapping, and one count of aggravated burglary.

**{¶3}** At trial, the following testimony was adduced. Appellant arrived at the apartment building in question with a friend to hang out with some people he did not know. He was kicked out of that apartment when he behaved inappropriately after becoming intoxicated. Around that time, O.R. was in a friend's apartment having dinner and decided to go back to her apartment to get some juice. She pressed the button to call the elevator to go up the two floors to her apartment. When the doors opened, she discovered appellant slumped on the floor. She tried to help him up as the elevator ascended. When it arrived at her floor, she exited and walked the five or so steps to her

apartment. As she opened the door, she was pushed from behind into her apartment by appellant. O.R. testified that she was vaginally raped by appellant. During the course of the rape, appellant passed out and O.R. dressed, fled the apartment, and went to a friend's apartment. Her friend called police after O.R. told her what happened. Appellant was found by police, naked, and passed out on the couch in O.R.'s apartment.

{¶4} Anthony Jones testified that sometime after that day he was outside a building on Prospect Avenue attempting to strike up conversations with individuals to spread the "word of God" when he noticed a girl, O.R., on her cell phone crying. He approached her and asked her what was wrong. After some back and forth, he testified she told him that she had done something wrong, that she had made up a story of rape, and someone was being prosecuted as a result. Jones couldn't believe it at first, but tried to look up information to see if any recently filed cases fit the story relayed by the person he met on the street. He found appellant and visited him in jail. Although he did not tell appellant about his conversation with O.R., he told appellant that he was sent by God to help him. Jones then helped appellant's family look for other witnesses, but did not go to the police or tell anyone of the conversation with O.R. until several months later.

{¶5} At the close of trial, the court found appellant not guilty of the rape and kidnapping charges, but guilty of the offense of burglary, a violation of R.C. 2911.12(B), and a felony of the fourth degree. The court proceeded immediately to sentencing, where it imposed a 15-month prison sentence, informed appellant of postrelease control, and waived fines and costs.

**{¶6}** Appellant then filed the instant appeal assigning one error for review:

I. The within verdict was not supported by the manifest weight of the evidence, and it was based on insufficient evidence.

## II. Law and Analysis

**{¶7}** Appellant argues sufficiency and manifest weight in a single assignment of error.

> Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McCrary,* 10th Dist. [Franklin] No. 10AP-881, 2011-Ohio-3161, ¶ 11. * * * Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. *Id.* * * *.

*State v. Baatin*, 10th Dist. Franklin No. 11AP-286, 2011-Ohio-6294, ¶ 8. *See also State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2015-Ohio-1946, ¶ 11. Because appellant does not assign these errors separately, and a sufficiency analysis is subsumed by a manifest weight analysis in this case, this court will address the arguments together.[1]

> The weight of the evidence concerns the inclination of the greater amount
>
> of credible evidence offered to support one side of the issue rather than the
>
> other. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).
>
> When presented with a challenge to the manifest weight of the evidence,

---

[1] Appellant also has not advanced any argument involving the propriety of convicting appellant of burglary as opposed to aggravated burglary and whether burglary is a lesser included offense of aggravated burglary. Therefore, it will not be addressed. At least one court has held that it is. *State v. McKinney*, 11th Dist. Trumbull No. 2007-T-0004, 2008-Ohio-3256, ¶ 163; *contra State v. Artis*, 3d Dist. Logan No. 8-13-01, 2013-Ohio-3198.

an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "'exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

*State v. Ball*, 8th Dist. Cuyahoga No. 99990, 2014-Ohio-1060, ¶ 35.

{¶8} Appellant was convicted of burglary, also termed "trespass in a habitation," as defined in R.C. 2911.12(B) and 2911.12(E). R.C. 2911.12(B) provides, "[n]o person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."

{¶9} A trespass occurs when one, "without privilege to do so, * * * [k]nowingly enter[s] or remain[s] on the land or premises of another." R.C. 2911.21(A)(1). Privilege is "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). The burglary offense at issue here does not require

proof that the unlawful entry was with any specific purpose. *State v. Woods*, 6th Dist. Lucas No. L-13-1181, 2014-Ohio-3960, ¶ 31.

**{¶10}** Here, O.R. testified that appellant forced his way into her apartment and was found alone in the apartment by police. Therefore, there is sufficient evidence of the above elements. The trial court found that O.R.'s testimony was insufficient to show beyond a reasonable doubt that she was raped given the lack of forensic evidence. DNA swabs collected during the examination at the hospital revealed no conclusive DNA results except for swabs collected from O.R.'s back and chest. The DNA expert testified that these were likely transferred through sweat from appellant to O.R. Therefore, the trial court found appellant not guilty of the rape and kidnapping offense. The court stressed that it found O.R.'s testimony credible, but that without supporting DNA evidence, the court did not find appellant committed these offenses beyond a reasonable doubt. The court found appellant guilty of a lower level burglary offense.

**{¶11}** The trial court also made a credibility determination adverse to Jones where his testimony, at times, was incredible. This weighing of witness credibility where there is conflicting testimony is best left to the factfinder, who observed the demeanor of the witnesses and has a more holistic view of the evidence. *State v. Thompson*, 127 Ohio App.3d 511, 529, 713 N.E.2d 456 (8th Dist.1998) ("The fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to

exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.").

{¶12} At the very least, there is credible evidence that appellant was trespassing in O.R.'s apartment and that he used force to do so. In light of credibility determinations made by the trial court, the testimony of O.R., and the fact that appellant was found in O.R.'s apartment by police after O.R. had fled, this is not the exceptional case where the trial court's determination creates a manifest miscarriage of justice that requires reversal and a new trial. As a result, appellant's conviction for burglary is supported by sufficient evidence and not against the manifest weight of the evidence.

### III. Conclusion

{¶13} Here, the trial court found that O.R.'s testimony was credible, but that certain portions of her testimony were insufficient to demonstrate guilt beyond a reasonable doubt where it was not supported by other evidence. The court found Jones's testimony not credible where aspects of his testimony were unbelievable. As a result, appellant's conviction for burglary is not against the manifest weight of the evidence and is supported by sufficient evidence.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR