[Cite as *State v. Wells*, 2016-Ohio-4589.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                         :                CASE NO.   CA2015-10-026

                                                   :                O P I N I O N
- vs -                                                                          6/27/2016

                                                   :

CHRISTOPHER WELLS,                        :

    Defendant-Appellant.                     :

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2014-2165

Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Christopher Wells, #A711615, Pickaway Correctional Institution, P.O. Box 209, Orient, Ohio 43146, defendant-appellant, pro se

**HENDRICKSON, J.**

{¶ 1}   Defendant-appellant, Christopher Wells, appeals from his sentence in the Brown County Court of Common Pleas for the illegal manufacture of drugs, the illegal assembly or possession of chemicals for the manufacture of drugs, and endangering children.  For the reasons set forth below, we affirm his sentence.

{¶ 2}   On August 15, 2014, a police officer from the Mt. Orab Police Department

stopped a stolen vehicle occupied by two men. The driver of the vehicle was arrested on an outstanding warrant. The passenger of the vehicle consented to a search of his person. During this search, an officer discovered a full box of pseudoephedrine pills in the passenger's front pants' pocket. A search of the stolen vehicle resulted in the discovery of items frequently used in the manufacture of methamphetamine, including syringes, funnels, Ziploc bags, coffee filters, acetaminophen, a dust mask, and a digital scale.

{¶ 3} The passenger informed the police officer that he and some others were making methamphetamine near a shed on the property where appellant resided. Both the passenger and the driver of the vehicle told the officer that one batch of methamphetamine was in the shed cooking and they were in the process of bringing more pseudoephedrine so that another batch could be made. The driver of the vehicle agreed to lead law enforcement to the location of the methamphetamine lab.

{¶ 4} Once at appellant's residence, law enforcement discovered an active methamphetamine lab in a shed behind a detached garage. A search of the basement of the home where appellant resided with two other adults and his 14-year-old son resulted in the discovery of numerous items commonly used in the manufacture of methamphetamine, including Coleman fuel and bottles labeled "Pseudo."

{¶ 5} Appellant was arrested and subsequently indicted on the illegal manufacture of drugs in violation of R.C. 2925.04(A) (count one) and aggravated possession of drugs in violation of R.C. 2925.11(A) (count two), felonies of the first degree. Both offenses were accompanied by major drug offender specifications. Appellant was also indicted on the illegal assembly or possession of chemicals used to manufacture drugs in the vicinity of a juvenile in violation of R.C. 2925.041(A), a felony of the second degree (count three), endangering children in violation of R.C. 2919.22(B)(6), a felony of the third degree (count four), and possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth

degree (count five).

{¶ 6} Following plea negotiations, the state dismissed the major drug offender specification on count one and dismissed counts two and five. On December 10, 2014, appellant pled guilty to the remaining charges of illegal manufacture of drugs, illegal assembly or possession of chemicals used to manufacture drugs, and endangering children. Appellant was sentenced the same day to a mandatory four-year prison term on count one, a mandatory three-year prison term on count three, and a mandatory two-year prison term on count four. The prison terms were ordered to be served consecutively to one another, for an aggregate prison term of nine years.

{¶ 7} In November 2015, this court granted appellant leave to file a delayed appeal. *See State v. Wells*, 12th Dist. Brown No.CA2015-10-026 (Nov. 16, 2015) (Entry Granting Motion to File Delayed Appeal).

{¶ 8} Appellant now raises the following as his sole assignment of error:

{¶ 9} THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE SENTENCES AFTER APPELLANT ENTERED PLEAS OF GUILTY TO THE OFFENSES OF ILLEGAL POSSESSION OF CHEMICALS AND ILLEGAL MANUFACTURING OF DRUGS AS THESE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 10} In his sole assignment of error, appellant contends the trial court committed plain error in ordering him to serve consecutive sentences on his convictions for the illegal manufacture of drugs and the illegal assembly or possession of chemicals used to manufacture drugs as the two offenses are allied offenses of similar import that should have been merged pursuant to R.C. 2941.25. Specifically, appellant argues that because he could not have manufactured methamphetamine on August 15, 2014, without also possessing the chemicals used to manufacture methamphetamine, the two offenses must be merged.

{¶ 11} As an initial matter, we note appellant failed to raise the issue of whether the offenses are allied at his sentencing hearing. We will nevertheless review his argument for plain error. *See State v. Peters*, 12th Dist. Clermont No. CA2014-09-069, 2015-Ohio-2013, ¶ 9. Under Crim.R. 52(B), plain error exists only where there is an obvious deviation from a legal rule that affected the outcome of the proceeding. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). The imposition of multiple sentences for allied offenses of similar import constitutes plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31-33.

{¶ 12} Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). Specifically, R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 13} In determining whether offenses are allied, courts are instructed to consider three separate factors—the conduct, the animus, and the import. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. Offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if *any* of the following are true: "(1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus and ¶ 25. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and

identifiable." *Id.* at paragraph two of the syllabus.

{¶ 14} "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26. As a result, this analysis "'may result in varying results for the same set of offenses in different cases.'" *Id.* at ¶ 32, quoting *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 52. When determining whether multiple offenses merge pursuant to R.C. 2941.25, a court must review the entire record. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 24. The burden is on the defendant to establish his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act. *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 14.

{¶ 15} Appellant was convicted of the illegal manufacture of drugs in violation of R.C. 2925.04(A), which provides that "[n]o person shall * * * knowingly manufacture or otherwise engage in any part of the production of a controlled substance." Appellant was also convicted of the illegal assembly or possession of chemicals used to manufacture drugs in violation of R.C. 2925.041(A), which provides that "[n]o person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance * * *."

{¶ 16} After reviewing the entire record, which includes transcripts from appellant's plea, sentencing, and a motion to suppress hearing, we find no merit to appellant's argument that the offenses of the illegal manufacture of drugs and the illegal assembly or possession of chemicals used to manufacture drugs are allied offenses of similar import.[1] Under the facts of this case, we find that appellant's conduct demonstrates the offenses were

---

1. Prior to entering his guilty plea, appellant had moved to suppress evidence obtained from law enforcement's warrantless search of his residence. A hearing on the motion was held on November 6, 2014, at which time the state presented testimony from three police officers who had participated in the search of the residence. On November 21, 2014, the trial court denied appellant's motion to suppress. Appellant does not challenge the denial of his motion to suppress on appeal.

committed separately.

{¶ 17} Here, appellant was found actively manufacturing methamphetamine in his shed. This conduct was separate and distinct from appellant's conduct in possessing and storing additional chemicals in his basement, a separate structure, for later use in the manufacture of methamphetamine. The chemicals stored in the basement were over and above those chemicals actively being used to manufacture the methamphetamine in the shed. As such, the offenses involved different conduct and are not allied offenses of similar import. *See, e.g., State v. Chandler*, 4th Dist. Highland No. 14CA11, 2014-Ohio-5215, ¶ 25-27.

{¶ 18} In finding that the offenses are not allied offenses of similar import, we reject appellant's argument that our decision in *State v. Collins*, 12th Dist. Clinton Nos. CA2010-12-021 and CA2010-12-022, 2012-Ohio-430, is controlling. In *Collins*, we found the offenses of the illegal manufacture of methamphetamine, the illegal assembly or possession of chemicals used to manufacture methamphetamine, and the possession of methamphetamine to be allied offenses of similar import. *Id.* at ¶ 40-42. However, the conduct surrounding the defendant's unlawful activities in *Collins* is different than appellant's conduct in the present case. As the Ohio Supreme Court has recognized, the allied-offense analysis "'may result in varying results for the same set of offenses in different cases. But different results are permissible, given that the statute instructs courts to examine a defendant's conduct—an inherently subjective determination.'" *Ruff*, 2015-Ohio-995 at ¶ 32, quoting *Johnson*, 2010-Ohio-6314 at ¶ 52.

{¶ 19} Accordingly, as appellant's conduct in the present case demonstrates that the offenses of illegally manufacturing methamphetamine and illegally assembling or possessing chemicals used in the manufacture of methamphetamine were committed separately, we overrule appellant's sole assignment of error.

**{¶ 20}** Judgment affirmed.


S. POWELL, P.J., and RINGLAND, J., concur.