[Cite as *State v. Davis*, 2017-Ohio-245.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-03-014 |
| | : | O P I N I O N |
| - vs - | | 1/23/2017 |
| | : | |
| BRETT DAVIS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015-CR-00597


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

The Farrish Law Firm, Michaela Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Brett Davis, appeals his convictions in the Clermont County Court of Common Pleas for multiple sex offenses. For the reasons detailed below, we affirm.

{¶ 2} On November 5, 2015, appellant was indicted on 13 counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), six counts of unlawful sexual contact with a

minor in violation of R.C. 2907.04(A), and five counts of sexual battery in violation of R.C. 2907.03(A)(5).

{¶ 3} Pursuant to a plea agreement, appellant pled guilty to four counts of gross sexual imposition and five counts of sexual battery and agreed to a jointly recommended 25-year prison sentence.

{¶ 4} At the plea and sentencing hearing, the state placed the following facts on the record. Count One, charging gross sexual imposition, occurred between October 31, 2008 and October 31, 2009. The state alleged that appellant touched the genitals of eight-year-old N.S. Specifically, appellant "instructed N.S. to get up after playing a video game and took him into [appellant's] bedroom making N.S. lay [sic] on the bed. He then fondled the penis and testicle [sic] of N.S."

{¶ 5} Counts Four, Five, and Six, also charging gross sexual imposition, occurred between October 15, 2009 and October 15, 2012.[1] The state alleged that T.S., a friend of appellant's minor son, would stay the night at appellant's house and appellant would fondle T.S.'s genitalia "one to two times a week starting when T.S. was 10 years old." The state noted that "the acts would occur on the couch in the living room when T.S. would fall asleep. He would awaken to [appellant] rubbing his penis and testicles."

{¶ 6} As to Counts 20, 21, 22, 23, and 24, charging sexual battery, the state alleged that appellant touched the genitalia of J.K., then 12 or 13, numerous times when the child spent the night at appellant's home. Specifically, the state alleged that "[appellant] also performed oral sex on J.K. on three separate occasions in [appellant's] son's bedroom, and two times in the [appellant's] bedroom."

{¶ 7} Appellant accepted the allegations as correct. Thereafter, the trial court

---

1. Specifically, Count Four occurred between October 15, 2009-October 15, 2010, Count Five occurred between October 15, 2010-October 15, 2011, and Count Six occurred between October 15, 2011-October 15, 2012.

accepted appellant's guilty plea and imposed the jointly recommended sentence. The trial court imposed five years of prison for each count of gross sexual imposition and ordered those terms to be served concurrently with one another. The trial court also ordered five years on each count of sexual battery. The counts for sexual battery were to be served consecutive to one another, but concurrent to the counts for gross sexual imposition. Therefore, the trial court imposed a total prison term of 25 years. Appellant now appeals, raising two assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED AS A MATTER OF LAW BY ACCEPTING THE JOINTLY RECOMMENDED SENTENCE AND IN SENTENCING APPELLANT IN ACCORDANCE WITH THAT JOINT RECOMMENDATION.

{¶ 10} In his first assignment of error, appellant argues the trial court erred by accepting his jointly recommended sentence based on an allied offenses violation. We note that an agreed-upon sentence may not be appealed if both the defendant and the state agree to the sentence, the trial court imposes the agreed sentence, and the sentence is authorized by law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16; R.C. 2953.08(D)(1). However, the Ohio Supreme Court in *Underwood* held that an appellant can argue that an agreed sentence is invalid if the challenge raises an allied offense argument. Having reviewed appellant's first assignment of error, we find it without merit.

{¶ 11} Appellant failed to raise the issue of whether the offenses were allied at his sentencing hearing. Nevertheless, we will review his argument for plain error. *See State v. Wells*, 12th Dist. Brown No. CA2015-10-026, 2016-Ohio-4589, ¶ 11. Under Crim.R. 52(B), plain error exists only where there is an obvious deviation from a legal rule that affected the outcome of the proceeding. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). The imposition of multiple sentences for allied offenses of similar import constitutes plain error. *Underwood* at

¶ 31-33.

{¶ 12} Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). Specifically, R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 13} In determining whether offenses are allied, courts are instructed to consider three separate factors: the conduct, the animus, and the import. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. Convictions do not merge and a defendant may be sentenced for multiple offenses if any of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *Id.* at ¶ 25. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶ 14} In the present case, the record establishes that appellant's convictions were not allied offenses. The indictment, bill of particulars, and agreed upon facts reflect that appellant was convicted of nine separate offenses involving three different victims. Count One involved the victim N.S. Counts Four, Five, and Six involved victim T.S and each offense was committed separately and at a different time. Likewise, Counts 20, 21, 22, 23, and 24, involving victim J.K., were based on five separate occasions in which appellant

admitted that he performed oral sex on J.K., with three different occasions occurring in his son's bedroom and two in his own bedroom. Accordingly, we find that appellant has failed to demonstrate that his convictions were allied offenses of similar import. As such, the trial court did not commit plain error by failing to merge the sentences.

{¶ 15} Next, appellant argues the trial court erred by failing to notify him that he would be required not to ingest or be injected with a drug of abuse and to submit to drug testing as provided by R.C. 2929.19(B)(2)(f), and in failing to notify him that he would be subject to DNA testing under R.C. 2901.07(B)(1) and (2). However, similar to our holding in *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 16-18, any error resulting from the trial court's omissions was, at worst, harmless. Pursuant to Crim.R. 52(A), this court shall disregard any "error, defect, irregularity, or variance which does not affect substantial rights[.]"

{¶ 16} After reviewing the record, we find appellant's first assignment of error without merit and is hereby overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS THUS PREJUDICING HIS RIGHT TO A FAIR HEARING.

{¶ 19} In his second assignment of error, appellant argues that his trial counsel was ineffective for failing to raise the allied offense issue and notification issue raised in his first assignment of error. However, as determined in the first assignment of error, appellant's convictions were not allied offenses and the notification issue does not amount to reversible error. Moreover, appellant has filed to establish prejudice from the failure to raise these issues. Failure of one prong of the *Strickland* test is fatal to any claim of ineffective

assistance of counsel.[2] *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49. Accordingly, appellant's second assignment of error is overruled.

**{¶ 20}** Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.

---

2. To prevail on an ineffective assistance of counsel claim, an appellant must establish (1) that his trial counsel's performance was deficient and (2) that such deficiency prejudiced the defense to the point of depriving appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984).