[Cite as *State v. Salines*, 2025-Ohio-1777.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-12-088 |
| | : | O P I N I O N |
| - vs - | | 5/19/2025 |
| | : | |
| JULIA J. SALINES, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2024 CR 0333


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.



**PIPER, P.J.**

{¶ 1} Appellant, Julia Salines, appeals from the sentence she received in the Clermont County Court of Common Pleas following her guilty plea to aggravated trafficking in drugs and conspiracy to commit aggravated trafficking in drugs.

{¶ 2} In May 2024, appellant was indicted on three counts of aggravated possession of drugs, three counts of aggravated trafficking in drugs, one count of

conspiracy to commit aggravated trafficking in drugs, and one count of endangering children. A major drug offender specification accompanied two of the aggravated possession of drugs charges, as well as two of the aggravated trafficking in drugs charges.

{¶ 3} The charges of the indictment stemmed from appellant's alleged possession and trafficking of large amounts of methamphetamine in Clermont County. The State alleged that appellant utilized the postal service to receive methamphetamine, which was delivered to the home she shared with her minor son before it was distributed to other individuals. During the investigation into the above charges, officers intercepted several packages that were addressed to appellant's home, each containing large amounts of methamphetamine. Officers later conducted a search of appellant's home, which yielded additional methamphetamine and other items commonly associated with drug trafficking.

{¶ 4} On October 15, 2024, following plea negotiations, appellant pled guilty to one count of aggravated trafficking in drugs and one count of conspiracy to commit aggravated trafficking in drugs. In exchange, the State agreed to dismiss the remaining charges and specifications of the indictment. At the plea hearing, the State recited the following statement of facts:

> [I]n addition to the facts alleged in the indictment, between January 31 and July 26, 2023 . . . [appellant] and co-defendant with the purpose of facilitating the commission of aggravated trafficking in drugs, did engage in conduct that facilitated the commission of aggravated trafficking in drugs. During this timeframe, co-defendant . . . had packages containing large amounts of methamphetamine shipped to [appellant's] home . . . . On May 24, 2023, the United States Postal Service intercepted two packages containing methamphetamine addressed to [appellant's] home. On May 5, 2023, the United States Postal Service intercepted a third package containing methamphetamine to [appellant's] home [sic]. A controlled delivery was conducted and [appellant] was observed

accepting the package based on an ongoing investigation into the two co-defendants. Combined with the reports and observation of the controlled delivery, search warrants were granted and executed on . . . [appellant's] home . . . . Further, during the execution of the search warrant on [appellant's] home on July 26, 2023, methamphetamine, scales and bags consistent with trafficking were located. At the time of the execution of the search warrant a 10 year old juvenile was present in [appellant's] home. Methamphetamine intercepted and located was sent for chemical testing and determined to be as it relates to count 2, 10.65 grams of methamphetamine. As it relates to count 7, 2,664.94 grams of methamphetamine.

{¶ 5} After engaging appellant in a complete colloquy, the trial court accepted her plea and found her guilty. The court ordered a presentence-investigative report and scheduled sentencing for November 5, 2024.

{¶ 6} At the sentencing hearing, the court heard from defense counsel, appellant, and the State. Before pronouncing appellant's sentence, the court noted that the offenses were committed as part of an organized criminal activity. The court further stated that appellant downplayed her involvement in that criminal activity, partook in actions that put her minor son in harm's way, and that she had a minimal criminal history. Relevant to the instant proceedings, the court then engaged in the following discussion with counsel:

> THE COURT: Is there any disagreement that counts 2 and 7 do not merge? I just want to make sure everybody agrees with that . . . [T]hey have a separate animus, that they're, they're separate offenses. Because these, these offenses have the similar date complex and I want to . . .
>
> [Appellant's Counsel]: Some of the counts did, so.
>
> THE COURT: Yeah, I know.
>
> [The State]: Can you address the conspiracy specifically as related to counts 3, 4, 5, and 6. Counts 1 and 2 will be separate.
>
> THE COURT: Thank you.

At that point, the court sentenced appellant to an indefinite prison term of seven to ten

and one-half years on Count 2, and a seven-year prison term on Count 7. The court ordered the prison terms to be served concurrently.

{¶ 7} Appellant now appeals, raising the following assignment of error for our review:

{¶ 8} THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE [APPELLANT'S] CONVICTIONS FOR AGGRAVATED TRAFFICKING IN DRUGS AND CONSPIRACY TO COMMIT AGGRAVATED TRAFFICKING IN DRUGS.

{¶ 9} On appeal, appellant argues the trial court erred when it failed to merge her convictions for aggravated trafficking in drugs and conspiracy to commit aggravated trafficking in drugs as allied offenses of similar import.

{¶ 10} An appellate court typically reviews de novo whether two offenses are allied offenses of similar import. *State v. Williams*, 2012-Ohio-5699, ¶ 28; *State v. Clowers*, 2019-Ohio-4629, ¶ 32 (12th Dist.). However, where an accused fails to raise the issue of allied offenses of similar import in the trial court, the accused forfeits all but plain error. *State v. Rogers*, 2015-Ohio-2459, ¶ 3.

{¶ 11} Based upon the plea form submitted to the court, there was no stipulation regarding merger of the offenses. During the sentencing hearing, the trial court inquired about the issue of merger and stated that Counts 2 and 7 would not merge. At that time, defense counsel did not assert that the offenses were allied offenses subject to merger. Instead, defense counsel simply agreed with the trial court that "some of the counts" of the indictment have a "similar date complex." As such, and because appellant failed to otherwise object to the trial court's decision not to merge the offenses, her claim on appeal is subject to plain error review.

{¶ 12} Under Crim.R. 52(B), plain error exists only where there is an obvious deviation from a legal rule that affected the outcome of the proceeding. *State v. Barnes*,

- 4 -

2002-Ohio-68, ¶ 20. Such an error "is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Rogers* at ¶ 3. As this court has recognized, the imposition of multiple sentences for allied offenses of similar import constitutes plain error. *State v. Wells*, 2016-Ohio-4589, ¶ 11 (12th Dist.), citing *State v. Underwood*, 2010-Ohio-1, ¶ 31-33. However, "an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus." *Rogers* at ¶ 3.

{¶ 13} "Pursuant to R.C. 2941.25, Ohio's allied-offenses statute, the imposition of multiple punishments for the same criminal conduct is prohibited." *State v. Flack*, 2024-Ohio-4622, ¶ 40 (12th Dist.). R.C. 2941.25 states:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 14} In determining whether offenses are allied and should be merged for sentencing, courts are instructed to consider three separate factors—the conduct, the animus, and the import. *State v. Ruff*, 2015-Ohio-995, ¶ 25. Offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if any of the following are true: (1) the offenses are dissimilar in import or significance, (2) the conduct shows that the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *Id*. Pertinent here, "a separate conduct or animus may exist when 'facts appear in the record that distinguish the circumstances or draw a line of

distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed.'" *State v. Woods*, 2014-Ohio-3960, ¶ 35 (6th Dist.), quoting *State v. Roberts*, 2009-Ohio-298, ¶ 14 (10th Dist.).

{¶ 15} In this case, appellant argues that the offenses she pled guilty to are allied offenses that should have merged at sentencing because "the record clearly shows that the offenses occurred at the same time." In support, appellant notes that the time period in Count 7 includes the time period identified for Count 2, and that the bill of particulars asserted identical language to support both counts. After our review of the record, we find no merit to appellant's claims.

{¶ 16} Regarding the language used in the bill of particulars, this court acknowledges that, as appellant points out on appeal, the State used identical language for each count of the indictment in the bill of particulars. As a result, there is an overlap between the details provided for Counts 2 and 7 of the indictment, including the relevant time period of those offenses. However, the mere overlap within the bill of particulars does not, in itself, mean the offenses satisfy the definition of "allied offenses of similar import" as described in R.C. 2941.25. This is because the trial court's merger analysis was not limited to the contents of the bill of particulars. Instead, the trial court was free to consider the record in its entirety, including the information provided at the plea hearing, as well as the information contained in the indictment and the presentence investigative report. *State v. Campbell*, 2015-Ohio-1409, ¶ 18 (12th Dist.), citing *State v. Tannreuther*, 2014-Ohio-74, ¶ 16 (12th Dist.).

{¶ 17} When considering all the information within the record, it is entirely reasonable for the court to conclude that appellant's charges stemmed from separate and distinct conduct and therefore, are not allied offenses of similar import. As discussed above, appellant pled guilty to Counts 2 and 7 of the indictment. According to the

indictment, Count 2 arose from events that occurred on July 26, 2023, the date officers executed a search warrant on appellant's home and discovered 10.65 grams of methamphetamine and other paraphernalia indicative of drug trafficking.

{¶ 18} Count 7 of the indictment, on the other hand, was based upon appellant's involvement in organized criminal activity with the co-defendant, which law enforcement uncovered during an ongoing investigation into their trafficking scheme. The record reveals that, as part of that investigation, officers observed appellant's conduct between January 31 and August 1, 2023. During that time, appellant utilized the postal service to receive large amounts of methamphetamine, including 2,664.94 grams of methamphetamine that was concealed in postal service packages addressed to appellant's home and intercepted by law enforcement in May 2023. Officers subsequently confiscated appellant's phone and discovered that, in addition to selling methamphetamine, she was in constant contact with the co-defendant regarding the postal service packages and their contents.

{¶ 19} Based upon the above, trial court did not plainly err by finding that the offenses were committed separately and do not merge. Appellant's first offense occurred when she was found in possession of methamphetamine and other paraphernalia associated with drug trafficking during the execution of a search warrant on her home. This conduct was separate and distinct from the conduct establishing appellant's second offense, which occurred during her ongoing participation and involvement in organized criminal activity with the co-defendant. "It is well established that offenses committed by separate conduct are not allied offenses subject to merger." *State v. Babb*, 2024-Ohio-2018, ¶ 16 (12th Dist.). Although appellant claims the offenses occurred simultaneously and resulted entirely from the search of her home on July 26, 2023, such an interpretation of the facts is unsupported by the record in this case.

{¶ 20} Accordingly, because the trial court could reasonably determine that appellant committed the offense of aggravated trafficking in drugs separately from her commission of conspiracy to commit aggravated trafficking in drugs, it did not plainly err by failing to merge those offenses as allied offenses of similar import at sentencing. Appellant's assignment of error is overruled.

{¶ 21} Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.